UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE WILLIAM SCANLAN,<br><br>Petitioner,<br><br>v.<br><br>PATRICK GLEBE,<br><br>Respondent. | CASE NO. C13-5631 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 12), and Petitioner George William Scanlan's ("Scanlan") objections to the R&R (Dkt. 14).

On November 11, 2013, Judge Creatura issued the R&R recommending that the Court dismiss the petition as time barred. Dkt. 12. On November 26, 2013, Scanlan filed objections. Dkt. 14. On December 2, 2013, the Government replied. Dkt. 15.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Scanlan raises five objections. First, he argues that Judge Creatura did not review his traverse because the R&R was filed before the Clerk's office received the traverse. Dkt. 14 at 1. The Court has reviewed the traverse and finds that it does not contain any information overcoming the recommendation that Scanlan's petition is time barred. Although Scanlan argues that the mailbox rule was not followed by various courts (Dkt. 13 at 1–4), this does nothing to overcome the fact that his petition was filed almost 80 days past the established deadline (*see* Dkt. 15 at 3).

Second, Scanlan argues that his petition was timely because his petition for review is still pending before the Washington State Supreme Court. Dkt. 14 at 2. Even if this was true, Scanlan's petition would be dismissed for failure to exhaust. Scanlan, however, fails to show that his state court petition is still pending.

Third, Scanlan argues that his case was consolidated with a co-defendant and that the Court should base its calculations off of his co-defendant's discretionary review date. Dkt. 14 at 3–4. The cases, however, were consolidated only for appeal and were not consolidated for purposes of seeking discretionary review with the Washington Supreme Court. Therefore, Scanlan is not entitled to the dates of his co-defendant.

Fourth, Scanlan argues that he is entitled to equitable tolling. Dkt. 14 at 4–5. The Supreme Court has determined that the statute of limitations may be subject to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Scanlan has failed to meet his burden on both prongs of this test. First, Scanlan voluntarily withdrew his personal restraint

petition, which started the relevant time period to file his federal petition. This shows a lack of diligently pursuing his rights. Second, there was no extraordinary circumstance preventing him from filing his federal petition. Therefore, Scanlan is not entitled to equitable tolling.

Finally, Scanlan argues that he is entitled to a Certificate of Appealability. Scanlan, however, has failed to show a substantial denial of a constitutional right. Therefore, the Court declines to issue a certificate.

The Court having considered the R&R, Scanlan's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Scanlan's petition is **DISMISSED** as time barred;

(3) The Court declines to issue a Certificate of Appealability; and

(4) The Clerk shall close this case.

Dated this 24th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge